Matter of Tunstall v New York State Dept. of Motor Vehicles (2024 NY Slip Op 06464)

Matter of Tunstall v New York State Dept. of Motor Vehicles

2024 NY Slip Op 06464

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

817 TP 24-00732

[*1]IN THE MATTER OF DEVON TUNSTALL, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, AND MARK J.F. SCHROEDER, AS COMMISSIONER OF NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENTS. 

ALAN S. HOFFMAN, BUFFALO, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Amy C. Martoche, J.], entered May 1, 2024) to review a determination of respondents. The determination revoked petitioner's driver's license. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondents' determination, which revoked his driver's license after he refused to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194. Petitioner contends that respondents' determination that he was given the requisite warnings before his refusal (see Vehicle and Traffic Law § 1194 [2] [c] [3]; Matter of Endara-Caicedo v New York State Dept. of Motor Vehicles, 38 NY3d 20, 22-23 [2022]) is not supported by substantial evidence. We reject that contention and confirm the determination.
Vehicle and Traffic Law § 1194 (2) (a) establishes the procedures for requesting that the operator of a motor vehicle submit to a chemical test. If those procedures are followed and the operator refuses to submit to the chemical test, the operator's license to drive will be temporarily suspended, pending a hearing to determine whether revocation is warranted (§ 1194 [2] [b] [3]). The hearing is limited to the following issues: "(1) did the police officer have reasonable grounds to believe that such person had been driving in violation of any subdivision of [Vehicle and Traffic Law § 1192]; (2) did the police officer make a lawful arrest of such person; (3) was such person given sufficient warning, in clear or unequivocal language, prior to such refusal that such refusal to submit to such chemical test or any portion thereof, would result in the immediate suspension and subsequent revocation of such person's license or operating privilege whether or not such person is found guilty of the charge for which the arrest was made; and (4) did such person refuse to submit to such chemical test or any portion thereof" (§ 1194 [2] [c]; see Endara-Caicedo, 38 NY3d at 22-23).
Here, petitioner does not dispute that there were reasonable grounds to believe he violated a section of Vehicle and Traffic Law § 1192; that he was lawfully arrested; and that he refused to submit to the chemical test. Nevertheless, petitioner contends that he was not given the requisite warnings inasmuch as he was not warned that "[e]vidence of a refusal to submit to such chemical test or any portion thereof shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section [1192]" (§ 1194 [2] [f]). Although the administration of that warning is required before evidence of the [*2]refusal can be used in a hearing, proceeding, or trial based on a violation of section 1192, it is not a prerequisite to the administrative revocation of a license to drive under section 1194 (2) (c).
In any event, we conclude that there is substantial evidence that the arresting officer warned petitioner that his refusal to submit to a chemical test could be used against him in a criminal proceeding. The arresting officer testified at the hearing that, at the scene of the arrest and at the police station, she warned petitioner that refusal to submit to the chemical test would result in suspension and revocation of his licence and that evidence of his refusal could be used as evidence against him in a trial, proceeding, or hearing resulting from the arrest. She testified that she gave the "same" warnings both times and that she "kn[e]w for a fact that [she] read the complete warning." According to the officer, petitioner refused to submit to the test both times.
Following the officer's testimony, the ALJ viewed the body camera footage of the arrest, which established that the officer did not, at that time, warn petitioner that evidence of his refusal would be admissible in proceedings arising from his violation of Vehicle and Traffic Law § 1192. That called into question the accuracy of both the officer's testimony and her report of refusal (see § 1194 [2] [b]), in which she stated that she provided both warnings at the time of the arrest. Nevertheless, the officer testified that she provided both warnings to petitioner at the police station and, upon questioning by the ALJ, she admitted that her prior testimony about the warnings given at the scene of the arrest was incorrect but maintained that she gave both warnings at the police station. She further testified that she "read the warnings off of [her] card" and that she "usually read them right off [her] card word-for-word." In his testimony, petitioner denied that he was read any warnings at the police station.
The ALJ determined that the warning given at the time of the arrest was deficient, but he credited the officer's testimony that she also provided warnings at the police station and that she gave both warnings at that time, i.e., the warnings under Vehicle and Traffic Law § 1194 (2) (c) (3) and (2) (f).
"Substantial evidence is a minimal standard that requires less than a preponderance of the evidence and demands only that a given inference is reasonable and plausible, not necessarily the most probable . . . Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently . . . , as [i]t is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d 1013, 1014 [2d Dept 2023] [internal quotation marked omitted]; see generally Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018]). Where the issue is one of credibility, "we defer to credibility assessments made by the ALJ" (Matter of Reuss v Schroeder, 217 AD3d 1083, 1085 [3d Dept 2023]; see Matter of Soto v New York State Dept. of Motor Vehs., 203 AD2d 370, 370 [2d Dept 1994]; see generally Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Inasmuch as the ALJ credited the officer's testimony that she provided the full warnings at the station and noted that fact on the report of refusal, we conclude that there is substantial evidence to support the determination.
Petitioner further contends that the ALJ did not conduct the hearing impartially and that the ALJ improperly shifted the burden of proof. Inasmuch as petitioner failed to raise those contentions in his petition, they are "not properly before us" (Matter of Fedor v Ledbetter, 225 AD3d 1135, 1136 [4th Dept 2024]; see Matter of Onondaga Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health, 211 AD3d 1514, 1516 [4th Dept 2022], lv denied 40 NY3d 902 [2023]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court